UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80176-Middlebrooks

UNITED STATES OF AMERICA,

v.

DANIEL ARMSTRONG,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Donald M. Middlebrooks, and the consent of the parties for a U.S. Magistrate Judge to accept a guilty plea by Defendant Daniel Armstrong. The Court held a change of plea hearing on January 10, 2023, which was attended by Defendant, his counsel Sidney Fleischman, and Assistant U.S. Attorney Brian Ralston. The Court hereby advises as follows:

    1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court further advised Defendant that a U.S. Magistrate Judge was conducting the change of plea hearing by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

2. The Court advised Defendant that he did not have to permit the undersigned to conduct this hearing and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written *Plea Agreement* has been entered into by the parties in this case. This Court reviewed the *Plea Agreement* and had the Defendant acknowledge that he signed the *Plea Agreement*. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Defendant pled guilty to Count 1, which charges that the Defendant did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and distribute, a controlled substance, in violation of Title 21, United States Code, Section 841 (a)(l), all in violation of Title 21, United States Code, Section 846. Defendant also agreed to a forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), and the procedures outlined at Title 21, United States Code, Section 853.

7.      The parties submitted a *Factual Basis in Support of Guilty Plea*, made part of the record and signed by Defendant, his counsel, and the Government.  This factual proffer includes all of the essential elements of the offenses to which Defendant pled guilty.  The Government orally summarized the factual basis for the plea on the record, including the essential elements of each offense.  Defendant acknowledged that he signed the *Factual Basis* and that all the statements contained therein are true.

8.      Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.  The sentencing hearing will be conducted at a time scheduled by the U.S. District Judge.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

RECOMMENDS that Defendant, DANIEL ARMSTRONG, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Count 1 of the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of January, 2023.

_____
RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE